proceeding, let alone that he appeared by August 15, 1994 (*see,* CPLR 320 [a]; *Agway, Inc. v Curtis,* 195 AD2d 1077; *16 Lincoln Sq. Assocs. v Amrep Corp.,* 129 Misc 2d 697, 699; *Simkins v Gruenspan,* 118 Misc 2d 107, 109). (Appeal from Order of Supreme Court, Yates County, Falvey, J.—Dismiss Petition.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.

■ EDWARD J. BARTOLOTTA et al., Appellants, v COUNTY OF WYOMING, Defendant, and TOWN OF WETHERSFIELD, Respondent. [647 NYS2d 622] —Order unanimously reversed on the law with costs, motion denied as unnecessary and cross motion denied. Memorandum: Supreme Court should have denied claimants' motion for permission to file a late notice of claim as unnecessary because the notice was timely filed. Claimants mailed a notice of claim to the Town Clerk of the Town of Wethersfield (Town) on May 17, 1993 by certified mail, properly placing the notice in a depository of the United States Postal Service. It is undisputed that the notice of claim was timely mailed within 90 days of the accrual of the claim. The Postal Service made two attempts to deliver the certified mailing, but on each occasion, the Town Clerk failed either to accept or to claim the mailing, which was then returned to claimants. Claimants' motion is in response to the position of the Town that, because it never received the notice of claim, it was not timely served.

Service of a notice of claim by certified mail is complete when, as here, the notice is placed in a depository of the Postal Service (*see,* General Municipal Law § 50-e [3] [b]; *see also, Matter of Lamica v Malone Cent. School Dist.,* 180 AD2d 885, 886; *Krieger v City of New York,* 118 Misc 2d 537; *Desroches v Caron,* 11 Misc 2d 838). A municipality may not defeat service by failing to accept or claim delivery of the certified mailing. (Appeal from Order of Supreme Court, Wyoming County, Francis, J.—Late Notice of Claim.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BLAND, Appellant. [648 NYS2d 404] —Judgment unanimously affirmed (*see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. WALLACE, Appellant. (Appeal No. 1.) [648 NYS2d 405] —Judgment unanimously affirmed (*see, People v McCall,* 231

AD2d 859 [decided herewith]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Sale Controlled Substance, 5th Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. WALLACE, Appellant. (Appeal No. 2.) [648 NYS2d 405] —Judgment unanimously affirmed (see, People v McCall, 231 AD2d 859 [decided herewith]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINA M. SANFORD, Appellant. [648 NYS2d 405] —Judgment unanimously affirmed. Memorandum: County Court properly exercised its discretion in denying the motion of defendant to withdraw her guilty plea. "The record shows that defendant was advised of [her] rights and that [her] Alford plea (see, North Carolina v Alford, 400 US 25) was knowingly, intelligently and voluntarily entered with a full understanding of its consequences" (People v Alfieri, 201 AD2d 935, lv denied 83 NY2d 908). Further, the proof that the People intended to offer at trial, placed on the record by the District Attorney, contained strong evidence of defendant's guilt (see, People v Alfieri, supra). (Appeal from Judgment of Steuben County Court, Scudder, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ In the Matter of JAKE SIMMONS, Appellant, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [648 NYS2d 406] —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Dadd, J. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—CPLR art 78.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, Appellant. [648 NYS2d 846] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in limiting his testimony regarding a statement by an unknown third person that he had overheard a couple of weeks before the assault to the effect that the victim used cocaine. Defendant was permitted to testify concerning that person's statement to "watch out" for the victim because he carried a weapon. There is no basis to disturb the court's ev-